Freeman, I.,
delivered the opinion of the court.
This is a bill filed to enforce mechanic’s lien by sale of • land on which improvements had been made by complainant; a plea was put in denying the jurisdiction of the chancery court at Humboldt.
The facts as agreed on are, that by the statutes [acts 1868-69, ch. 22, sec. 12;, 1870-71, ch. 24, sec. 1; 1871, ch. 149, sec. 1; see also 1889, ch. 90, sec. 2; Shannon’s Code, sec. 161] creating courts at Humboldt, jurisdiction is given over certain districts therein named by their then known number, among' others District No. 4, of Gibson county; subsequently the county of Crockett was organized, and said District No. 4 was included in the territory of the new county. By the organization of this new county fractions of then District No. 16, No. 3, and No. 5 were left in Gibson county. Thereupon the county court proceeded to make a new district out of these fractions, a portion of which belonged to the original jurisdiction of Humboldt, and a portion not. None of the defendants, however, lived in the original territory assigned to the jurisdiction of the Humboldt courts, nor was the land so situated.
The new district created was called District No. 4, and is assumed to- have taken the place of old District No. 4, cut off and given to Crockett. It is necessary to hold that this substituted District; No. 4 is within the jurisdiction of Humboldt court in order to sustain this bill. The chancellor held it was not, and we affirm his decision. Whatever might be the effect of a bona fide change of the lines of a civil district, the district itself remaining intact substantially, on the question of jurisdiction it is clear that the county court could not confer jurisdiction over territory by organizing a new district and calling it No. 4. That is what has been done in this case.
The Humboldt court, beyond question, had no juris *609 diction of the case, and the decree of the chancellor is affirmed with costs.